No. 25-8003

*In the*
# United States Court of Appeals
*for the*
# Eighth Circuit

PRESIDENT DONALD J. TRUMP, an individual,
REPRESENTATIVE MARIANNETTE MILLER-MEEKS, an individual, and
FORMER STATE SENATOR BRADLEY ZAUN, an individual,

                 Plaintiffs-Appellants,

vs.

J. ANN SELZER, an individual, SELZER & COMPANY,
DES MOINES REGISTER AND TRIBUNE COMPANY, and
GANNETT CO., INC.,

                 Defendants-Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
Case No. 4:24-cv-00449, Hon. Rebecca Goodgame Ebinger

**DEFENDANTS-APPELLEES DES MOINES REGISTER & TRIBUNE
COMPANY AND GANNETT CO., INC.'S MOTION TO STRIKE**

NICHOLAS A. KLINEFELDT
DAVID YOSHIMURA
801 Grand Avenue, 33rd Floor
Des Moines, IA 50309
(515) 248-9000
*Attorneys for Defendants-Appellees*
*Des Moines Register & Tribune Company and Gannett Co., Inc.*

1

Defendants-Appellees Des Moines Register & Tribune Co. and Gannett Co., Inc. (collectively, "Press Defendants"), by and through their undersigned counsel and pursuant to Federal Rule of Appellate Procedure 27, move to strike Plaintiffs-Appellants' ("Plaintiffs") improper June 30, 2025 Dismissal of Petition for Permission to Appeal ("Dismissal"). For the reasons stated herein, this Court should strike the Dismissal.

1. On June 2, 2025, Plaintiffs filed a Petition for Permission to Appeal ("Petition" or "Pet.") pursuant to the district court certifying its order denying Plaintiffs' motion to remand as "immediately appealable under 28 U.S.C. § 1292(b)." (Pet. at 1; *see* R. Doc. 65, at 10–11.)

2. This matter was docketed on June 2, 2025, as confirmed by the Clerk of this Court. (*See* Pet. at 1.)

3. Press Defendants filed an Opposition to Plaintiff's Petition for Permission to Appeal on June 16, 2025.

4. On June 30, 2025, Plaintiffs filed the present Dismissal of Petition for Permission to Appeal.

5. Irrespective of the merits of Plaintiffs' appeal, the Dismissal is improper and ineffective. Pursuant to Federal Rule of Appellate Procedure 42(b), dismissal of this action is only permitted in one of two circumstances, neither of which applies here: either (1) the parties must file a "signed dismissal agreement"—*i.e.*, a "stipulated dismissal"—"specifying how costs are to be paid and pay any court fees that are due";

2

or (2) the appellant must file a motion to dismiss, in which case dismissal is subject to "terms agreed to by the parties or fixed by the court." Fed. R. App. P. 42(b)(1), (2).

6. In this case, the Parties have neither stipulated nor agreed to dismissal, nor has Plaintiff filed a motion for dismissal for this Court's consideration or to which Press Defendants could respond. Therefore, this Court should strike the purported Dismissal.

7. Furthermore, the Dismissal is contrary to the law of this Court that provides, "A party may not dismiss simply to avoid an adverse decision or seek a more favorable forum." *Cahalan v. Rohan*, 423 F.3d 815, 818 (8th Cir. 2005). The Dismissal is only one part of just such a procedural maneuver that this Court should reject.

8. Contemporaneously with the present Dismissal, Plaintiffs filed in the U.S. District Court for the Southern District of Iowa a Notice of Voluntary Dismissal of the present case, which is itself defective.[1] (R. Doc. 71.) Furthermore, Plaintiffs filed a new lawsuit in the Iowa District Court for Polk County today that is substantively unchanged

---

[1] Federal Rule of Appellate Procedure 42(a) provides that "[b]efore an appeal has been docketed by the circuit clerk, the district court may dismiss the appeal on the filing of a stipulation signed by all parties or on the appellant's motion with notice to all parties." Because this matter was docketed by this Court on June 2, 2025, Plaintiffs can no longer dismiss the action directly in the district court. *See* Wright & Miller, 9 *Federal Practice and Procedure* § 2364 (4th ed.) (noting that once an appeal is docketed and pending, "[a]n action may be dismissed voluntarily . . . only with the appellate court's approval"); *see also State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106–07 (8th Cir. 1999) ("[I]f an appeal is taken from an interlocutory order and the issue of appealability is in doubt, the district court should stay its hand until [the appellate court] resolve[s] the issue of [its] jurisdiction, or remand[s] for further clarification of that issue."). Contemporaneously with this Motion, Press Defendants are filing a motion before the district court requesting an order striking Plaintiffs' improper Notice of Voluntary Dismissal.

3

from Plaintiffs' First Amended Complaint in the present case. (*See* Ex. A: Petition (June 30, 2025).) The timing of this filing is significant: it is one day before Iowa's Uniform Public Expression Protection Act (commonly known as an "anti-SLAPP law") goes into effect. *See* House File 472, *available at* https://www.legis.iowa.gov/legislation/BillBook?ga=91&ba=HF472 (Governor's approval of House File 472, Uniform Public Expression Protection Act on May 19, 2025), codified at Iowa Code § 652.1, *et seq.*; *see also* Iowa Code § 3.7(1) (stating that all acts "passed at regular sessions of the general assembly shall take effect on the first day of July following their passage"). This new legislation would apply to Plaintiffs' lawsuit; therefore, Plaintiffs' present Dismissal would effectively permit Plaintiffs to escape the jurisdiction of the federal courts in time to restate their claims in Iowa's state court without being subject to Iowa's anti-SLAPP law.

9. In federal court, Plaintiffs have lost their motion for remand (R. Doc. 65), lost their motion to stay the case (R. Doc. 70), and have a pending deadline to file a revised Amended Complaint. (*Id.*) And fulsome, fully briefed Motions to Dismiss warranting dismissal of the case in full and with prejudice remain pending before the district court. (R. Docs. 24, 28, 33, 35, 51, 52, 57, 61.)

10. In these circumstances, this Court should rightly find that Plaintiffs' Dismissal improperly seeks "to avoid [the] adverse decision[s]" of this Court and the district court—both past and future—and "a more favorable forum" in Iowa's pre-anti-SLAPP courts. *Cahalan*, 423 F.3d at 818.

4

11. In sum, Plaintiffs' Dismissal is both procedurally and substantively improper. This case cannot be dismissed outside of the appropriate procedures set forth in the Rules. *See* Fed. R. App. P. 42(b). Nor can it be dismissed as part of a litigation strategy that would "avoid an adverse decision or seek a more favorable forum." *Cahalan*, 423 F.3d at 818.

WHEREFORE, Defendants-Appellees Des Moines Register & Tribune Co. and Gannett Co., Inc. respectfully request that this Court enter an order to strike Plaintiffs-Appellants' Dismissal of Petition for Permission to Appeal.

Dated: June 30, 2025

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Nick Klinefeldt*
Nicholas A. Klinefeldt
*nick.klinefeldt@faegredrinker.com*
David Yoshimura
*david.yoshimura@faegredrinker.com*
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309-8003
Telephone: (515) 248-9000
Facsimile: (515) 248-9010

*Attorneys for Defendants-Appellees Des Moines Register & Tribune Co. and Gannett Co., Inc.*

# CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionately spaced typeface using Microsoft Word in 14-pt Garamond type style. According to that word processing system, this document contains 944 words, excluding the parts of the document exempted by Fed. R. App. P. 32(f).

I further certify that this filing has been scanned for computer viruses and have been found to be virus-free.

Dated: June 30, 2025　　　　　　　　　　　　　*/s/ Nick Klinefeldt*
　　　　　　　　　　　　　　　　　　　　　　　Nicholas A. Klinefeldt

# CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Elizabeth Collins*

7

Appellate Case: 25-8003     Page: 7     Date Filed: 06/30/2025 Entry ID: 5532483