No. 25-8003

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

PRESIDENT DONALD J. TRUMP, an individual, REPRESENTATIVE MARIANNETTE MILLER-MEEKS, an individual, and FORMER STATE SENATOR BRADLEY ZAUN, an individual,

Plaintiffs-Appellants,

v.

J. ANN SELZER, an individual, SELZER & COMPANY, DES MOINES REGISTER AND TRIBUNE COMPANY, and GANNETT CO., INC.,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Iowa, Case No. 4:24-cv-00449,
The Hon. Rebecca Goodgame Ebinger, District Judge

## MOTION TO RECALL MANDATE AND MODIFY OPINION

| | |
|---|---|
| **Alan R. Ostergren** | **Edward Andrew Paltzik** |
| ALAN R. OSTERGREN PC | TAYLOR DYKEMA PLLC |
| 500 East Court Avenue | 925 E. 25th Street |
| Suite 420 | Houston, Texas 77009 |
| Des Moines, Iowa 50309 | edward@taylordykema.com |
| alan.ostergren@ostergrenlaw.com | (516) 526-0341 |
| (515) 207-0134 | |

1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ 3

I. Procedural background. ............................................................................................. 4

II. The Court has the authority to clarify its July 3, 2025, judgment ........................ 6

III. The Court should recall the mandate and clarify that jurisdiction was not in this Court merely because a petition for permission to appeal had been filed. ................................................................................................................................ 7

    A. Because an appeal was never docketed in this Court, Rule 42 did not apply to dismissal of the petition for permission to appeal .......................... 7

    B. The district court incorrectly held that jurisdiction was in this Court merely from the filing of a petition for permission to appeal ....................... 8

    C. Because this Court's July 3, 2025, order could be misconstrued as finding that jurisdiction was in this Court when the petition for permission to appeal was filed, the order should be clarified to state that jurisdiction remained in the district court. .......................................... 11

CERTIFICATE OF COMPLIANCE ................................................................................ 13

CERTIFICATE OF SERVICE .......................................................................................... 14

# TABLE OF AUTHORITIES

**CASES**

*Am. Cyanamid Co.* v. *McGhee*, 317 F.2d 295, 297 (5th Cir. 1963) ............................. 11
*Calderon* v. *Thompson*, 523 U.S. 538 (1998) ............................................................. 6
*City of Los Angeles, Harbor Div.* v. *Santa Monica Baykeeper*, 254 F.3d 882
 (9th Cir. 2001) ........................................................................................................ 9
*D.C. Electronics, Inc.* v. *Nartron Corp.*, 511 F.2d 294, 298 (6th Cir. 1975) ............... 11
*Foss* v. *Federal Intermediate Credit Bank of St. Paul*, 808 F.2d 657, 669 (8th
 Cir. 1986) ............................................................................................................. 10
*Griggs* v. *Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ..................... 8, 9
*K.C.1986 Ltd. Partnership* v. *Reade Mfg.*, 473 F.3d 1009, 1017 (8th Cir.
 2007) ..................................................................................................................... 10
*Safeguard Business Systems, Inc.* v. *Hoeffel*, 907 F.2d 861, 863 (8th Cir.
 1990) ..................................................................................................................... 10
*United States Cartridge Co.* v. *Powell*, 186 F.2d 611 (8th Cir. 1951) ......................... 6

**RULES**

Fed R. App. P. 27(a)(3)(A) ............................................................................................ 5
Fed. R. App. P. 12(a) .................................................................................................... 8
Fed. R. App. P. 3(d) ...................................................................................................... 7
Fed. R. App. P. 42(b) .................................................................................................... 8
Fed. R. App. P. 5. ......................................................................................................... 8
Fed. R. App. P. 5(a)(1) .................................................................................................. 8
Fed. R. App. P. 5(d)(2) ................................................................................................ 10
Fed. R. Civ. P. 41(a)(1)(i) ............................................................................................ 10
Fed. R. Civ. P. 54(b) ................................................................................................... 10

## I. Procedural background.

On June 2, 2025, Plaintiffs President Donald J. Trump, Representative Mariannette Miller-Meeks, and former Iowa State Senator Bradley Zaun petitioned this Court to review an order of the United States District Court for the Southern District of Iowa. The petition sought review of the district court's order on two questions: first, whether "snap removal" by a forum defendant 11 hours after the filing of the lawsuit in Iowa state court was effective, and second, whether the district court properly refused to permit an amended complaint that added Iowa citizens as plaintiffs. The petition argued that the district court misconstrued the application of the forum-defendant rule and misapplied a rule about joining nondiverse defendants to refuse the joinder of nondiverse plaintiffs.

Before this Court had acted on the petition, however, the Plaintiffs elected to file a new Iowa state court lawsuit. After filing the new state court suit, on June 30, 2025, the Plaintiffs noticed the dismissal of the original federal court action under Fed. R. Civ. P. 41(a)(1)(A)(i) and filed a notice in this Court that they were dismissing their petition. Because of the limitations of the Court's electronic filing system, the document was labeled as a stipulation of dismissal under Fed. R. App. P. 42, however the document did not recite that rule as authority to dismiss the petition.

Plaintiffs noticed their dismissal in the district court at 2:04 p.m. on June 30, 2025. R. Doc. 71. Defendants moved to strike the notice at 8:22 p.m. the same day. R. Doc. 72. Shortly thereafter they filed a similar motion in this Court. Defendants requested expedited relief from the district court but did not articulate any imminent

harm they would suffer or other basis for deviating from the normal briefing schedule of a motion. *Id.* at 5. Defendants did not request expedited relief from this Court.

On July 1, 2025, at 8:39 a.m., the district court ordered petitioners to respond to the motion to strike by noon on July 2, 2025. R. Doc. 73. A few hours after this order from the district court, defendants filed answers to the amended complaint. R. Doc. 75 and 76. Petitioners filed their response in the district court to the motion to strike the notice of dismissal on July 2, 2025, at 11:51 a.m. R. Doc. 77. At 5:21 p.m. that same day, the district court erroneously granted the motion to strike. R. Doc. 78. It incorrectly held that "Trump's appeal confers jurisdiction to the Eighth Circuit over aspects of this case," and because of this "Trump must first dismiss the appeal before voluntarily dismissing the district court case." *Id.* at 2. The district court further erred in holding that Fed. R. App. P. 42 governed the steps that were required to dismiss the petition for permission to appeal. *Id.*

Petitioners' response to the motion to strike filed in this Court was not due until July 10, 2025. Fed R. App. P. 27(a)(3)(A). Petitioners intended to alert this Court to the district court's July 2, 2025, jurisdictional holding in their response, and request that this Court clarify that the mere filing of the petition for permission to appeal did not establish jurisdiction in this Court. Yet, on July 3, 2025, this Court entered an order stating, "The petition for permission to appeal pursuant to 28 U.S.C. Section 1292(b) is denied. The stipulation for dismissal and motions to strike are denied as moot." The Clerk of the Circuit Court immediately entered a formal mandate.

5

## II. The Court has the authority to clarify its July 3, 2025, judgment.

The Court retains the inherent authority to ensure that its judgments are correctly understood by the district courts by issuing orders clarifying or expanding on the reasoning for the Court's decision. *United States Cartridge Co.* v. *Powell*, 186 F.2d 611 (8th Cir. 1951). While in some contexts, particularly habeas corpus review of state convictions, that power must be used sparingly, *Calderon* v. *Thompson*, 523 U.S. 538 (1998), there is no question the recall of the mandate to ensure that it is "in accordance with the actual decision rendered by the court" is appropriate. *Id.* at 557. *see also id.* at 567 (Souter, J., dissenting) ("Like the majority, I begin with the longstanding view that a court's authority to recall a mandate in order to correct error is inherent in the judicial power…")

Clarification of the rationale for this Court's decision is appropriate when there is a possibility of an "erroneous construction of the opinion" in the district court. *Powell*, 186 F.2d at 614. The refusal to clarify the Court's decision may lead to pointless litigation, as the Plaintiffs would be made to continue litigating a case in the district court that they wish to dismiss. *Id.* at n. 1 (explaining that failure to clarify Court's opinion would leave party with only options of petition for writ of certiorari or a retrial.)

### III. The Court should recall the mandate and clarify that jurisdiction was not in this Court merely because a petition for permission to appeal had been filed.

#### A. Because an appeal was never docketed in this Court, Rule 42 did not apply to dismissal of the petition for permission to appeal.

Fed. R. App. P. 42 never applied to the petition for permission to appeal. Defendants argued below that "[t]his matter was docketed on June 2, 2025, as confirmed by the Clerk of this Court." R. Doc. 72 at ¶2. Yet the Clerk of Court's letter says otherwise. The clerk's letter of June 2, 2025, to counsel for Plaintiffs states that "[a] petition for permission to appeal has been *filed* under the caption and miscellaneous case number shown above." (emphasis added). But when the Clerk of Court writes to counsel who have filed a notice of appeal, the corresponding letter reads "[t]he district court clerk has transmitted a notice of appeal and docket entries in this matter, and we have *docketed* them under the caption and case number shown above." *See, e.g.,* Letter of Clerk of Court dated July 25, 2023, in Hotchkiss v. Cedar Rapids Com. Sch. Dist., et al., No. 23-2708 (emphasis added).

This difference in the clerk's communications is no coincidence. The clerk understands that the word "docket" (in both its noun and verb forms) has a specific meaning under the Federal Rules of Appellate Procedure. Consider first the situation where a party has taken an appeal "as of right from a district court to a court of appeals…" Fed. R. App. P. 3(d). When the circuit clerk receives "the copy of the notice of appeal and the docket entries from the district clerk under Rule 3(d), *the circuit*

7

*clerk must docket the appeal* under the title of the district-court action…" Fed. R. App. P. 12(a) (emphasis added).

But when a party seeks permission to appeal, the procedure is governed by Fed. R. App. P. 5. The party requesting the appeal "must file a petition with the circuit clerk and serve it on all other parties to the district-court action." Fed. R. App. P. 5(a)(1). If such permission is granted, at that point, "the appellant must pay the district clerk all required fees…The district clerk must notify the circuit clerk once the petitioner has paid the fees. Upon receiving this notice, the *circuit clerk must enter the appeal on the docket*." Fed. R. App. P. 5(d). (emphasis added).

Fed. R. App. P. 42(b) applies only to docketed appeals. Because this Court had not yet granted the petition (nor had required filing fees been paid to the district clerk) when it was dismissed on June 30, 2025, there is no basis under the rules to require either a stipulation or motion to withdraw a docketed appeal. The district court's determination that Rule 42 applied to the petition was incorrect. R. Doc. 78 at 2. The district court also erred about the effect of filing a petition for permission to appeal.

### B. The district court incorrectly held that jurisdiction was in this Court merely from the filing of a petition for permission to appeal.

In its order finding that jurisdiction was in this Court when the petition for permission to appeal was filed, the district court cited as an analogous case *Griggs* v. *Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) for the proposition that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers

8

jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." R. Doc. 78 at 2. But of course, no notice of appeal has been filed in the district court. *Griggs* is not an analogous case.

Better authority is *City of Los Angeles, Harbor Div.* v. *Santa Monica Baykeeper*, 254 F.3d 882 (9th Cir. 2001). The district court had originally certified its order denying a motion to dismiss certain claims under the Clean Water Act and Clean Air Act as suitable for an interlocutory appeal. *Id.* at 884. While that petition was before the Ninth Circuit, the district court reconsidered its order certifying the appeal and vacated the previous certification. *Id.* Two months later, the Ninth Circuit granted the petition for permission to appeal. *Id.*

This created a question about the court's appellate jurisdiction. If the district court could reconsider its certification order while the petition for permission to appeal was pending before the Ninth Circuit, the appellate court would lack jurisdiction over the appeal. *Id.* at 885. The Ninth Circuit concluded the district court retained that power. "The general rule regarding the power of a district court to rescind an interlocutory order is…[a]s long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, *rescind*, or modify an interlocutory order for cause seen by it to be sufficient." *Id.* (emphasis original).

The Ninth Circuit then applied this rule to the scenario where a party has filed a petition for permission to appeal. "The Supreme Court has concluded that jurisdiction is transferred from a district court to a court of appeals upon the filing of a notice of appeal." *Id.* (citing *Griggs*, 459 U.S. at 58). To apply this rule in the context of an interlocutory appeal, "[w]e must next ascertain when a notice of appeal with respect

9

to an interlocutory order is deemed to have been 'filed' with a court of appeals." *Id.* at 886. Citing Fed. R. App. P. 5(d)(2), the court held that "a notice of appeal for an interlocutory order is deemed to be filed upon the issuance of an order by a court of appeals permitting an appellant to bring an interlocutory appeal." *Id.* "A district court therefore retains jurisdiction over an interlocutory order—and thus may reconsider, rescind, or modify such an order—until a court of appeals grants a party permission to appeal." *Id.*

This logic applies with equal force here. The district court could have reconsidered its order denying remand and striking the additional plaintiffs at any time. Fed. R. Civ. P. 54(b); *K.C.1986 Ltd. Partnership* v. *Reade Mfg.*, 473 F.3d 1009, 1017 (8th Cir. 2007) ("[t]he district court has the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment.") As such, jurisdiction was not in this Court and would not have been unless the petition had been granted and the required fees paid to the district court clerk. Because those events did not occur, the district court retained jurisdiction throughout.

As a result, the Plaintiffs had an absolute right to dismiss because no answer or motion for summary judgment had been filed at the time of their notice. R. Doc. 71. *See* Fed. R. Civ. P. 41(a)(1)(A)(i); *Foss* v. *Federal Intermediate Credit Bank of St. Paul*, 808 F.2d 657, 669 (8th Cir. 1986) (rule "must not be stretched beyond its literal terms if it is to serve its intended purpose.") "Rule 41 provides that the plaintiff loses the right [to dismiss] when an answer or a motion for summary judgment is filed. These two instances have been construed strictly and exclusively." *Safeguard Business Systems, Inc.* v. *Hoeffel*, 907 F.2d 861, 863 (8th Cir. 1990). "Thus, we consider

10

only whether an answer or a motion for summary judgment was filed before the notice of voluntary dismissal." *Id.*

"Rule 41(a)(1) is the shortest and surest route to abort a complaint when it is applicable. So long as plaintiff has not been served with his adversary's answer or motion for summary judgment he need do no more than file a notice of dismissal with the Clerk. That document itself closes the file." *Am. Cyanamid Co.* v. *McGhee*, 317 F.2d 295, 297 (5th Cir. 1963). This disposition is final. "There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play." *Id.* "This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court." *Id.* The rule is "clear and unambiguous on its face and admits of no exceptions that call for the exercise of judicial discretion by any court." *D.C. Electronics, Inc.* v. *Nartron Corp.*, 511 F.2d 294, 298 (6th Cir. 1975).

### C. Because this Court's July 3, 2025, order could be misconstrued as finding that jurisdiction was in this Court when the petition for permission to appeal was filed, the order should be clarified to state that jurisdiction remained in the district court.

This Court acted promptly in resolving a matter that it understandably thought was concluded. After all, the Defendants never explained in their motion how someone could be *forced* to continue seeking relief from an appellate court. But without the benefit of a response from the Plaintiffs, the Court's July 3, 2025, order can be misconstrued as validating the extravagant jurisdictional argument made by the defendants in their motion papers. Denying a motion as moot is not quite the same thing as denying it as incorrect. This, combined with the presence in the docket of

11

the district court's order misconstruing this Court's jurisdiction when the July 3, 2025, order was entered, leads to the potential for gamesmanship and confusion. Plaintiffs respectfully request the Court's July 3, 2025, order be modified to clarify that, consistent with *Santa Monica Baykeeper*, the filing of the petition for permission to appeal did not confer jurisdiction on this Court.

Dated: July 8, 2025

Respectfully submitted,

/s/ Alan R. Ostergren
**Alan R. Ostergren**
ALAN R. OSTERGREN PC
500 East Court Avenue Suite 420
Des Moines, Iowa 50309
(515) 207-0134
alan.ostergren@ostergrenlaw.com

/s/ Edward Andrew Paltzik
**Edward Andrew Paltzik**
TAYLOR DYKEMA PLLC
925 E. 25th Street
Houston, Texas 77009
(516) 526-0341
edward@taylordykema.com

12

# CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32 (a)(6). This document has been prepared in a proportionally spaced typeface using Microsoft Word for Mac ver. 16.97.2 in 14-point Equity B type style. According to that word processing system, this document contains **2401** words, excluding parts of the document exempted by Fed. R. App. P. 27(d)(2)(A).

I further certify that this petition and the addendum have been scanned for computer viruses and been found to be virus-free.

Dated: July 8, 2025    /s/ Alan R. Ostergren
 **Alan R. Ostergren**

# CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2025, I electronically filed this document with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: July 8, 2025   /s/ Alan R. Ostergren
**Alan R. Ostergren**