No. 25-8003

*In the*

# United States Court of Appeals
*for the*
# Eighth Circuit

PRESIDENT DONALD J. TRUMP, an individual,
REPRESENTATIVE MARIANNETTE MILLER-MEEKS, an individual, and
FORMER STATE SENATOR BRADLEY ZAUN, an individual,

*Plaintiffs-Appellants,*

vs.

J. ANN SELZER, an individual, SELZER & COMPANY,
DES MOINES REGISTER AND TRIBUNE COMPANY, and
GANNETT CO., INC.,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
Case No. 4:24-cv-00449, Hon. Rebecca Goodgame Ebinger

**DEFENDANTS-APPELLEES DES MOINES REGISTER & TRIBUNE
COMPANY AND GANNETT CO., INC.'S OPPOSITION TO MOTION TO
RECALL MANDATE AND MODIFY OPINION**

NICHOLAS A. KLINEFELDT
DAVID YOSHIMURA
801 Grand Avenue, 33rd Floor
Des Moines, IA 50309
(515) 248-9000
*Attorneys for Defendants-Appellees*
*Des Moines Register & Tribune Company and Gannett Co., Inc*

Appellate Case: 25-8003     Page: 1     Date Filed: 07/18/2025 Entry ID: 5539043

# TABLE OF CONTENTS

                                                                                               **Page**

TABLE OF AUTHORITIES ............................................................................................ii

INTRODUCTION ............................................................................................................1

ARGUMENT ....................................................................................................................1

       I.       This Court Should Not Recall Its Formal Mandate Because the Exceptional Circumstances Required Are Not Present Here. .....................1

      II.     Plaintiffs' Motion is an Impermissible Attempt to Unilaterally Take an Interlocutory Appeal of a District Court Order Unrelated to the Petition for Permission to Appeal. .......................................................4

CONCLUSION .................................................................................................................6

CERTIFICATE OF COMPLIANCE ................................................................................8

CERTIFICATE OF SERVICE .........................................................................................9

# TABLE OF AUTHORITIES

**Cases**                                                                                             **Page(s)**

*Calderon v. Thompson*,
   523 U.S. 538 (1998) ................................................................................................ 2, 3, 4

*Chi. Ins. Co. v. City of Council Bluffs*,
   No. 1:07-cv-21, 2012 WL 13018889 (S.D. Iowa Jan. 10, 2012) ................................... 6

*Clarke v. Boysen*,
   273 F. 923 (8th Cir. 1921) ............................................................................................. 3

*Dietz v. Bouldin*,
   579 U.S. 40 (2016) ......................................................................................................... 6

*Dupree v. Younger*,
   598 U.S. 729 (2023) ....................................................................................................... 5

*Reynolds v. Manhattan Tr. Co.*,
   109 F. 97 (8th Cir. 1901) ............................................................................................... 3

*Ruiz v. Norris*,
   104 F.3d 163 (8th Cir. 1997) ......................................................................................... 1

*Thompson v. Nixon*,
   272 F.3d 1098 (8th Cir. 2001) .................................................................................... 1, 3

*U.S. Cartridge Co. v. Powell*,
   186 F.2d 611 (8th Cir. 1951) ......................................................................................... 3

**Statutes, Rules & Regulations**

28 U.S.C. § 1292(a) ............................................................................................................ 5

28 U.S.C. § 1292(b) ............................................................................................................ 5

Fed. R. App. P. 42(a) ...................................................................................................... 5, 6

Fed. R. Civ. P. 41(a)(2) ...................................................................................................... 2

**Other Authorities**

16 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* §
   3938 (3d ed. 2025) ..................................................................................................... 2, 4

## INTRODUCTION

Plaintiffs-Appellants' ("Plaintiffs") motion is an extraordinary maneuver seeking an extraordinary remedy. But the circumstances of this case are anything but extraordinary. This Court may only recall its mandate to prevent injustice. Such exceptional circumstances are not present here, and Plaintiffs do not even allege that they exist. Moreover, although Plaintiffs have captioned their present submission as a "Motion to Recall Mandate and Modify Opinion" (the "Motion"), their arguments reveal that it is, in reality, an impermissible attempt to appeal a separate interlocutory order of the district court. (*See* Motion at 5; *see also* R. Doc. 78.) The district court order that is the subject of the Motion has not been certified for interlocutory appeal, nor have Plaintiffs requested such certification from the district court. (*Cf.* R. Doc. 78.) For these reasons, the Court should summarily deny and dismiss the Motion.

## ARGUMENT

### I. This Court Should Not Recall Its Formal Mandate Because the Exceptional Circumstances Required Are Not Present Here.

This Court has ruled that its power to recall a mandate "should be exercised only in extraordinary circumstances." *Thompson v. Nixon*, 272 F.3d 1098, 1100 (8th Cir. 2001) (citation modified). "Once issued, a mandate will be recalled only to prevent injustice." U.S. Court of Appeals Eighth Circuit Internal Operating Procedures ¶ F at 24–25 (Rev. Feb. 26, 2024); *see also Ruiz v. Norris*, 104 F.3d 163, 164 (8th Cir. 1997). "The sparing use of the power demonstrates it is one of last resort, to be held in reserve against grave,

1

unforeseen contingencies." *Calderon v. Thompson*, 523 U.S. 538, 550 (1998); *see also* 16 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3938 (3d ed. 2025) (observing that the "power of a court of appeals to recall its mandate once issued" should be "exercised sparingly").

This case presents no "extraordinary circumstance" warranting the recall of this Court's mandate; no need to prevent injustice; and no "grave, unforeseen contingencies." *See Calderon*, 523 U.S. at 549–50. Indeed, Plaintiffs allege no such circumstances. Rather, they merely ask this Court to "clarify" its July 3, 2025 Judgment to allow them to avoid "pointless litigation" because they "wish to dismiss" their case before the district court. (Motion at 6.) The Court should decline that invitation for several reasons.

*First*, nothing is preventing Plaintiffs from seeking the district court's leave to dismiss by motion at any time. *See* Fed. R. Civ. P. 41(a)(2). Their Motion itself is therefore the only "pointless litigation" at issue.

*Second*, the Court's Judgment does not require clarification. Plaintiffs' Petition for Permission to Appeal was squarely before the Court; the Court denied it; and that denial necessarily mooted all ancillary issues associated with the Petition, including Plaintiffs' procedurally improper dismissal and a pending motion to strike before this Court. (*See* Judgment at 1.) Accordingly, the Judgment could not be clearer. Nothing more is required.

2

*Third*, Plaintiffs' Motion provides no viable basis for taking the "extraordinary" step of recalling this Court's mandate. *See Nixon*, 272 F.3d at 1100. For example, there is no dispute that the denial of Plaintiffs' Petition for Permission to Appeal was entirely within the power of this Court. *See, e.g.*, *Clarke v. Boysen*, 273 F. 923, 925–26 (8th Cir. 1921) (recalling mandate and amending opinion only upon finding that the prior ruling took up an issue that was outside the power and jurisdiction of the court). The U.S. Supreme Court has stressed that recalling mandates is contrary to its "deep rooted policy in favor of the repose of judgments" and must be reserved for only the most extreme cases. *See Calderon*, 523 U.S. at 551 (citation modified). This is not such a case. This Court will not recall its mandate merely to "revisit the merits of an earlier decision." *Id.* at 558. Moreover, this Court will not "enter a decree which is materially different from the one formerly entered" when, as here, "the former decree [is] precisely such a one as the court in its opinion directed to be entered." *Reynolds v. Manhattan Tr. Co.*, 109 F. 97, 100 (8th Cir. 1901).

Plaintiffs' reliance on *U.S. Cartridge Co. v. Powell* is misplaced. (*See* Motion at 6 (citing 186 F.2d 611 (8th Cir. 1951).) In *Powell*, this Court took the rare step of granting a motion to recall after it made an assumption in its initial opinion that could be erroneously construed on remand as foreclosing the appellant from offering evidence on a subject in issue at retrial. *Id.* at 613–14. The Court held that because "[i]t was not until [after the remand of the cause] that the possible ambiguity of the opinion became a probable source of difficulty in the retrial of the cause," it was appropriate "before

3

preparation for the retrial of the cause[] that request for clarification be made" and ultimately granted. *Id.* at 614.

Here, there is no similar risk that this Court's Judgment, absent clarification, would erroneously limit the scope of substantive evidence offered in the district court or otherwise impair future district court proceedings. *See* 16 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3938 (3d ed. 2025) (observing that recall "may be sought to forestall error that would vitiate [future] proceedings" or "to correct any possible ambiguity in the original opinion that might cause error"). Nor do Plaintiffs argue as much. Instead, Plaintiffs claim that a district court ruling that was issued *prior to* this Court's Judgment was somehow infected by this Court's later-issued Judgment. (Motion at 6–11; *see* R. Doc. 78.) This is neither correct nor possible.

Because this case does not present the "extraordinary circumstances" necessary to recall a mandate, this Court should deny the Motion.

## II. Plaintiffs' Motion is an Impermissible Attempt to Unilaterally Take an Interlocutory Appeal of a District Court Order Unrelated to the Petition for Permission to Appeal.

This Court's Judgment was a disposition on Plaintiffs' Petition for Permission to Appeal from the district court's order on a motion for remand, which was certified for interlocutory appeal. (*See* R. Doc. 65; *see also* Judgment at 1.) However, Plaintiffs' present Motion is a direct challenge to the district court's unrelated order on a subsequent motion, which has *not* been certified for interlocutory appeal. (*See* R. Doc. 78.) Plaintiffs

4

may not challenge the latter district court order in appellate proceedings regarding the former.

Throughout their Motion, Plaintiffs make at least five references to the district court's "erroneous" order granting Press Defendants' June 30, 2025 Motion to Strike. (Motion at 5, 8; *see* R. Doc. 72; *see also* R. Doc. 78.) But that interlocutory order is not before this Court. *See* 28 U.S.C. § 1292(a)–(b); *Dupree v. Younger*, 598 U.S. 729, 734 (2023) ("Interlocutory orders . . . are typically not immediately appealable under § 1291."). Plaintiffs have not sought to appeal the order, much less acquired the necessary permission to do so. *See* 28 U.S.C. § 1292(b). Challenging the merits of the district court's order at this juncture—under the guise of a motion to "recall" this Court's mandate—is procedurally improper. Such arguments are reserved for appeal in the usual course, *i.e.*, after final judgment is entered in the district court proceedings.

Furthermore, the district court's order on the Motion to Strike did not even hinge on the jurisdictional issues that Plaintiffs now raise. Even if the Petition for Permission to Appeal was not a "docketed appeal" as Plaintiffs argue (*see* Motion at 7–8), Plaintiffs were then required to seek dismissal from the district court by motion or by stipulation of all parties. *See* Fed. R. App. P. 42(a). Plaintiffs did neither. Plaintiffs fail to grapple with—or even acknowledge—the effect of Federal Rule of Appellate Procedure 42(a). They simply claim that Appellate Rule 42 in general "never applied" to this proceeding because it was not a "docketed appeal[.]" (Motion at 7–8.)

But as the district court made clear, "[r]*egardless of whether the appeal has been docketed*, Trump did not file a motion to dismiss the appeal in the district court[.]" (R. Doc. 78 at 2–3 (emphasis added).) Based on Plaintiffs' failure to comply with Appellate Rule 42(a), the district court struck Plaintiffs' improper Notice of Voluntary Dismissal under its "inherent powers" to strike improper filings in managing its docket to ensure orderly disposition of the matters before it. *See Dietz v. Bouldin*, 579 U.S. 40, 45 (2016); *see also Chi. Ins. Co. v. City of Council Bluffs*, No. 1:07-cv-21, 2012 WL 13018889, at *2 (S.D. Iowa Jan. 10, 2012) ("It is clear that this inherent power includes the authority to sanction procedural impropriety in an appropriate manner, including by striking impertinent documents from the docket." (internal citation omitted)). In these circumstances, the district court's exercise of its discretion to grant the Motion to Strike was proper.

## CONCLUSION

Plaintiffs' Motion is meritless. It ignores the many dispositive considerations of law undermining the Motion, including (i) the unfavorable case law controlling the recall of mandates; (ii) Federal Rule of Appellate Procedure 42(a); (iii) the scope of the district court's discretion to strike improper filings; and (iv) most centrally, the fact that the district court's order on the Motion to Strike is not the subject of these proceedings and is reserved for appeal after final judgment.

This Court should deny the Motion.

Dated: July 18, 2025

**FAEGRE DRINKER BIDDLE & REATH LLP**

/s/ *Nick Klinefeldt*
Nicholas A. Klinefeldt
*nick.klinefeldt@faegredrinker.com*
David Yoshimura
*david.yoshimura@faegredrinker.com*
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309-8003
Telephone: (515) 248-9000
Facsimile: (515) 248-9010

*Attorneys for Defendants-Appellees Des Moines Register & Tribune Co. and Gannett Co., Inc.*

7

# CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionately spaced typeface using Microsoft Word in 14-pt Garamond type style. According to that word processing system, this document contains 1,549 words, excluding the parts of the document exempted by Fed. R. App. P. 27(d)(2)(A).

I further certify that this filing has been scanned for computer viruses and has been found to be virus-free.


Dated: July 18, 2025 　　　　　　　　　　　　　　　*/s/ Nick Klinefeldt*
　　　　　　　　　　　　　　　　　　　　　　　　　Nicholas A. Klinefeldt

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

<em>/s/ Paulette Ohnemus</em>

9

Appellate Case: 25-8003     Page: 12     Date Filed: 07/18/2025 Entry ID: 5539043